J-S28037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DURWIN GODWIN | |
| Appellant | No. 2925 EDA 2014 |

Appeal from the Judgment of Sentence August 28, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011960-2013

BEFORE:  BOWES, LAZARUS AND PLATT,* JJ.

CONCURRING STATEMENT BY BOWES, J.:          **FILED MAY 10, 2016**

In my view, Appellant's arguments on appeal are not waived. Pa.R.A.P. 1925(b)(4)(ii) provides, "The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge."  The comment to Pa.R.A.P. 1925(b)(4) reports that this directive is designed to clarify that "the Statement should be sufficiently specific to allow the judge to draft the opinion required under 1925(b)."  The statement at issue in this appeal sets forth this position: "Appellant's VUFA convictions were not supported by sufficient evidence because the evidence offered to support the convictions (Officer Momme's testimony) was in contradiction to the physical facts and in contravention of human experience and the laws of nature."  Appellant's

_____
* Retired Senior Judge assigned to the Superior Court.

Rule 1925 Statement, 3/4/15, at 1. Appellant also averred that Officer Momme's testimony that a gun was present in Appellant's car was unreliable and that his convictions were against the weight of the evidence.

Given the evidence at trial, which was that police never recovered the weapon viewed by Officer Momme, Appellant's contentions are readily identifiable from his Pa.R.A.P. 1925(b) statement. The trial court understood the issues being raised in the document and authored a memorandum disposing of them. The Commonwealth likewise recognized the substance of Appellant's arguments, preparing an appropriate responsive brief.

In light of the evidence presented at trial, it is evident that Appellant's allegations were that all of his Uniform Firearm's Act convictions were infirm, as contradictory to the physical facts, because the gun observed by the officer was not recovered and that the officer's testimony, due to the lack of confirming physical evidence, should not have been credited. A finding of waiver based upon the contents of Appellant's Pa.R.A.P. 1925(b) statement is unnecessary, as evidenced by the fact that the Majority addressed this very issue in its alternative analysis. ***Commonwealth v. Laboy***, 936 A.2d 1058, 1060 (Pa. 2007) (reversing this Court finding of waiver and ruling that, despite unartfully drafted Pa.R.A.P. 1925(b) statement, defendant was entitled to appellate review of merits of sufficiency-of-the-evidence claim since thrust of his position was apparent based upon record and since trial

court addressed it). Similarly, I do not believe that Appellant's claims are insufficiently developed in his brief such as to warrant a finding of waiver on that ground.

However, I concur that Appellant's positions lack merit. I would affirm on the basis of the August 12, 2015 opinion of the Honorable Diana Anhalt.