J-S57012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LAEL J. ALLEYNE | : | |
| | : | No. 236 EDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence December 8, 2016
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0001098-2015

BEFORE: PANELLA, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 27, 2017**

Appellant, Lael J. Alleyne, appeals from the judgment of sentence entered in the Northampton County Court of Common Pleas, following his conviction for first-degree murder and related offenses. After careful review, we reverse one of Appellant's convictions for conspiracy to commit robbery and its sentence, but affirm the judgment of sentence in all other respects.

The relevant facts and procedural history are as follows. Appellant was sixteen on the day he committed these crimes. Along with Charles David Martin III, he devised a plan to purchase marijuana from Nichelson Raymond and Richard Piscoya. In fact, Appellant and Martin planned to rob Raymond and Piscoya. Appellant used Monserrat Rosas, a mutual friend of his and Piscoya's, to arrange the drug buy.

On the day of the sale, Rosas approached the vehicle in which Raymond and Piscoya sat, and got into the backseat in order to conduct the drug sale. Appellant and Martin then approached the vehicle. Appellant opened the front passenger side door of the car, pointed a gun at the vehicle's occupants, and demanded that they give him the marijuana. In an effort to escape, Raymond threw the car into reverse and the vehicle rolled backward. Appellant fired several shots into the car, which struck and killed Raymond. Appellant and Martin fled the scene.

Appellant was arrested and proceeded to a jury trial with Martin. Appellant was convicted of first-degree murder, two counts of robbery, two counts of conspiracy, and one count each of possession of an instrument of crime and possession of a firearm by a minor.[1] The court sentenced Appellant to an aggregate term of forty-eight years to life imprisonment. Appellant timely appealed.

On appeal, Appellant challenges the sufficiency of the evidence presented against him, the jury instructions used at trial, and the admission of two autopsy photographs into evidence. We begin by evaluating Appellant's sufficiency argument.

To preserve a sufficiency issue on appeal, an appellant's Rule 1925(b) statement "must specify the element or elements upon which the evidence was insufficient." **Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa. Super.

_____

[1] 18 Pa.C.S.A. §§ 2502(a), 3701(a)(1)(i), (ii), 903, 907(a), and 6110.1(a), respectively.

2009) (citations omitted). "Such specificity is of particular importance in cases where … the [a]ppellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Id*. (citation omitted).

Here, Appellant raised the issue of sufficiency in his Rule 1925(b) statement. But he failed to specify with any particularity which elements of each of the *seven* crimes he desired to challenge. Instead, Appellant merely named all *seven* of his crimes and baldly stated the evidence was insufficient to support his convictions.

Despite this, our Supreme Court has previously held that this Court may afford sufficiency review in certain cases even where an appellant fails to preserve his specific sufficiency contention, provided the issue is "relatively straightforward." *Commonwealth v. Laboy*, 936 A.2d 1058, 1060 (Pa. 2007).

In this specific instance, we find it appropriate to overlook Appellant's lack of specificity. The Commonwealth concedes Appellant's sufficiency challenge to his second conspiracy conviction (the focus of Appellant's appellate brief) is meritorious and deserving of relief. *See* Commonwealth's Brief, at 12. Thus, we will review the merits of this conviction.

A challenge to whether an appellant engaged in one conspiracy or multiple conspiracies depends on a factual finding, and is thus a challenge to the sufficiency of the evidence. *See Commonwealth v. Andrews*, 768 A.2d 309, 313-314 (Pa. 2001) (holding that a challenge to whether an appellant's

criminal conduct amounted to one conspiracy or more is a fact-driven inquiry and constitutes a sufficiency claim, rather than a non-waivable illegality of the sentence issue).

To prove criminal conspiracy, the Commonwealth must show that an appellant "1) entered into an agreement to commit or aid in an unlawful act with another person or persons; 2) with a shared criminal intent; and 3) an overt act was done in furtherance of the conspiracy." **Commonwealth v. Mitchell**, 135 A.3d 1097, 1102 (Pa. Super. 2016) (citation omitted). "If a person conspires to commit a number of crimes, he is guilty of only one conspiracy so long as multiple crimes are the object of the same agreement or continuous conspiratorial relationship." 18 Pa.C.S.A. § 903(c).

The jury found Appellant guilty of conspiracy to commit robbery of Nichelson Raymond and conspiracy to commit robbery of Richard Piscoya. At trial, the Commonwealth presented testimony from Monserrat Rosas, the woman Appellant used to arrange the drug purchase. Rosas explained Appellant asked her to set up a fake drug sale with Raymond and Piscoya, with the stated intention of robbing the men. Rosas stated that she told Appellant she did not wish to rob Piscoya or participate in the scheme. Appellant then told her he would instead supply her with cash, which she would use to purchase the marijuana. Rosas testified that, on the day of the sale, she proceeded to Piscoya's car to make the drug transaction. She said she was shocked when Appellant and Martin followed her to the car. Rosas stated that Appellant then pointed a gun into the car and told Raymond and

Piscoya that he and Martin wanted the drugs. At this point, Rosas jumped out of the car and ran away.

Based on that, the Commonwealth presented evidence Appellant and Martin formulated a plan to rob Raymond and Piscoya of their drugs. However, as noted above, multiple crimes may be the result of a single conspiracy, so long as those crimes are the object of the same agreement. The evidence offered indicates the existence of a single agreement, to rob the victims and steal their drugs. The fact this crime victimized two persons rather than one does not create an additional conspiracy, in the absence of a second, separate criminal agreement. The Commonwealth concedes this very point, agreeing the judgment of sentence for the conspiracy to commit robbery of Piscoya should be reversed. **See** Commonwealth's Brief, at 12 ("The Commonwealth concedes that, based on the facts of this case, Appellant is correct.") Appellant is entitled to relief on this claim.

However, his sentence for that conviction is concurrent with his sentences for his other crimes, and our disposition does not affect Appellant's aggregate sentence. In cases where our decision does not alter the overall sentencing scheme, remand is unnecessary. **See Commonwealth v. Thur**, 906 A.2d 552, 569 (Pa. Super. 2006). Thus, we reverse Appellant's second conspiracy conviction, but decline to remand.

In his second claim, Appellant argues the trial court erred in refusing to instruct the jury on voluntary manslaughter. In Appellant's view, Raymond made a swift motion to shift the car into reverse and try to escape from

Appellant. Appellant asserts he may have reasonably believed Raymond was reaching for a gun. He supports this argument by indicating that Raymond had a gun on his person at the time of his death.

"Our standard of review when considering the denial of jury instructions is one of deference – an appellate court will reverse a court's decision only when it abused its discretion or committed an error of law." **Commonwealth v. Yale**, 150 A.3d 979, 983 (Pa. Super. 2016) (citation omitted).

> [A] voluntary manslaughter instruction is warranted only where the offense is at issue and the evidence would support such a verdict. To support a verdict for voluntary manslaughter, the evidence would have had to demonstrate that, at the time of the killing, [a]ppellant acted under a sudden and intense passion resulting from serious provocation by the victim.

**Commonwealth v. Sanchez**, 82 A.3d 943, 979 (Pa. 2013) (brackets in original; citation omitted). And no jury charge is required on voluntary manslaughter where the defendant denies committing the killing. **See id**., at 980.

That is the situation here. Appellant denied culpability at trial. Far from establishing the applicability of voluntary manslaughter to the evidence, Appellant continues to maintain in his appellate brief that he is not guilty of killing Raymond. Appellant's argument the trial court erred in not supplying the voluntary manslaughter instruction instead appears to concede that if Appellant did commit the murder, it was justified by Raymond's swift movement toward the car's gear shift. Appellant's denial that he shot Raymond precludes such an instruction. **See id**.

Appellant admits "the shooter" only began firing the gun into Raymond's car as Raymond drove it in reverse in order to escape. Appellant's Brief, at 17. As Appellant concedes, Raymond was attempting to *escape* at the time he was shot. Appellant has thus wholly failed to demonstrate any circumstances which would justify a voluntary manslaughter jury instruction. Based on the foregoing, we find that Appellant was not entitled to a voluntary manslaughter jury instruction.

In his final issue for our review, Appellant contends the trial court erred in admitting autopsy photographs of Raymond at trial. We find this claim waived.

"The viewing of photographic evidence in a murder case is, by its nature, a gruesome task. But photographs of a corpse are not inadmissible *per se.*" ***Commonwealth v. Hetzel***, 822 A.2d 747, 765 (Pa. Super. 2003) (citation omitted).

> In determining whether photographs [of a decedent] are admissible, we employ a two-step analysis. First, we consider whether the photograph is inflammatory. If it is, we then consider whether the evidentiary value of the photograph outweighs the likelihood that the photograph will inflame the minds and passions of the jury. Even gruesome or potentially inflammatory photographs are admissible when the photographs are of such essential evidentiary value that their need clearly outweighs the likelihood of inflaming the minds and passions of the jurors.

***Commonwealth v. Solano***, 906 A.2d 1180, 1191-1192 (Pa. 2006) (citations omitted).

The autopsy photographs are not in the certified record. It is an

appellant's responsibility to ensure that the certified record contains all the items necessary to review his claims. ***See***, ***e.g.***, ***Commonwealth v. Tucker***, 143 A.3d 955, 963 (Pa. Super. 2016); ***Commonwealth v. B.D.G.***, 959 A.2d 362, 372 (Pa. Super. 2008). "When a claim is dependent on materials not provided in the certified record, that claim is considered waived." ***Commonwealth v. Petroll***, 696 A.2d 817, 836 (Pa. Super. 1997) (citation omitted).

Without the photographs, we cannot conduct a review of Appellant's issue presented on appeal. ***See***, ***e.g.***, ***Commonwealth v. Powell***, 956 A.2d 406, 423 (Pa. 2008) (finding claim that an autopsy photograph was unduly prejudicial waived "[b]ecause the record does not contain the photograph appellant refers to, we cannot assess his description and claim"); ***Petroll***, 696 A.2d at 836 (finding claim of improperly admitted photographs waived where they were not in the certified record). Accordingly, we find Appellant's final claim waived for our review.

Thus, we reverse Appellant's second conspiracy to commit robbery conviction, but decline to remand for resentencing as it does not alter the overall sentencing scheme. We affirm Appellant's judgment of sentence in all other respects.

Judgment of sentence reversed in part and affirmed in part. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *12/27/2017*