J-S78038-17

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TERRANCE PRATT, | : | |
| | : | |
| Appellant | : | No. 978 WDA 2017 |

Appeal from the Judgment of Sentence June 21, 2017
in the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000938-2016

BEFORE:    OLSON, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    FILED JANUARY 31, 2018

Terrance Pratt (Appellant) appeals from the judgment of sentence of an aggregate term of two to four years of incarceration imposed following his convictions for numerous drug and firearm-related offenses.  We affirm.

We provide the following background.   Pennsylvania State Trooper Adam Sikorsky was on routine patrol on March 17, 2016, when he initiated a traffic stop with a vehicle that was travelling at night in a high-crime area. The vehicle "pulled over in a parking spot without using a turn signal" and Trooper Sikorsky initiated a traffic stop for that traffic code violation. N.T., 6/6/2017, at 24.  Appellant was the driver of that vehicle.  Trooper Sikorsky observed Appellant as appearing "nervous" and "visibly shaking." Id. at 26. Trooper Sikorsky also saw "a prescription bottle in [Appellant's] front hoodie pocket." Id.   When asked about the bottle, Appellant "took it out of his

_____

*Retired Senior Judge assigned to the Superior Court.

pocket and handed it" to Trooper Sikorsky. Id. The bottle had Appellant's name on it and was a prescription for Suboxone strips; however, Trooper Sikorsky also noticed "three smaller pills ... on the bottom" of the bottle for which "he did not have a prescription." Id. at 26-27. When Trooper Sikorsky asked Appellant to step out of the vehicle, Trooper Sikorsky "noticed a large ball in [Appellant's] right pocket." Id. at 28. Trooper Sikorsky could see that "it was a large amount of cash in his pocket." Id. Trooper Sikorsky then asked Appellant if he could search the vehicle, and Appellant consented to the search.

Upon searching the vehicle, Trooper Sikorsky "found unused stamp bags."[1] Id. at 30. He also found "a silver black [spring-loaded] knife," which is illegal in Pennsylvania. Id. at 31. Trooper Sikorsky secured the contraband and handcuffed Appellant. While he was being handcuffed, Appellant "drop[ped] pills onto the ground."[2] Id. at 33. Trooper Sikorsky recovered the pills. Appellant was then transported to the barracks for processing and was later released from custody.

During his interaction with Appellant, Trooper Sikorsky learned that Appellant's traffic stop occurred in front of the home where he lived. Trooper Sikorsky applied for and received a search warrant for the home.

---

[1] These were 16 empty, unused stamp bags labeled "focus." Id. at 32.

[2] The mobile video recording recovered from Trooper Sikorsky's patrol car showed Appellant dropping these pills.

The affidavit of probable cause was based on the traffic stop which took place in front of the residence and information he had received regarding drug activity at the residence. The warrant was executed at approximately 9:45 a.m. [Appellant's] father, Vincent Pratt, answered the door and invited police into the residence where they informed him they were looking for [Appellant]. Police could hear what sounded like someone running on the second floor, so they proceeded upstairs to [Appellant's] bedroom. Ultimately, they seized twenty-seven (27) items, which included firearms, marijuana, heroin, cocaine, amphetamines, Clonazepam, and methamphetamines. While in the room, they observed the bag [Appellant] was carrying at the time of the traffic stop and an envelope addressed to him with one hundred [and] fifty (150) unused stamp bags contained in it.

Suppression Court Opinion, 3/15/2017, at 3 (unnecessary capitalization omitted).

These items were found in various places throughout the house, including Appellant's attic bedroom, a bathroom, the kitchen, a mudroom, and the garage. Police arrested Appellant and sent all contraband for testing. Appellant was charged with numerous drug and weapon related charges based upon the results of the testing.

Counsel for Appellant filed an omnibus pretrial motion challenging the validity of the traffic stop, seeking to suppress Appellant's statements to police, and requesting dismissal of the case. The trial court conducted a suppression hearing, and granted in part and denied in part the motion. Specifically, the trial court concluded that any statements made by Appellant while in custody were inadmissible. Id. at 13.

A jury trial was held from June 6 to 8, 2017. At the trial, Trooper Sikorsky testified as outlined above. In addition, the Commonwealth

presented testimony of other individuals who were involved in the chain of custody for the evidence, as well as expert testimony regarding drug and weapon investigations. In addition, Appellant testified in his defense. He testified that the car he was driving was owned by his brother's wife. He also testified that the house was owned by his father; his brother also stayed there; and Appellant stayed there only "occasionally." N.T., 6/7/2017, at 153. He further testified that his brother was staying at the house on March 17, 2016.

On June 8, 2017, the jury convicted Appellant of the following charges: 1) possession with intent to deliver a controlled substance (PWID) (alprazolam); 2) PWID (buprenorphine); 3) PWID (marijuana); 4) PWID (cocaine); 5) PWID (amphetamine); 6) PWID (clonazepam); 7) PWID (methamphetamine); 8) PWID (diazepam); 9) possession of firearms prohibited (silver revolver); 10) possession of firearms prohibited (shotgun); 11) possession of a controlled substance (Schedule IV Controlled substance); 12) possession of a controlled substance (Schedule II controlled substance); 13) possession of a controlled substance (Schedule III controlled substance); 14) possession of marijuana; 15) possession of drug paraphernalia; and 16) making, selling, or repairing an offensive weapon. In addition, the trial court found Appellant guilty of driving while operator's privileges are suspended or revoked and a summary traffic offense.

One June 21, 2017, Appellant was sentenced to an aggregate term of two to four years of incarceration. Appellant did not file a post-sentence motion, and timely filed a notice of appeal appeal. The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. Appellant filed a statement setting forth one error: "Was the evidence legally and factually insufficient to show [Appellant] committed the crimes?" Concise Statement of Errors Complained of on Appeal, 7/6/2017. The trial court authored an opinion, and this matter is ready for our review.

On appeal, Appellant states the same issue raised in his concise statement.[3] Appellant's Brief at 7. Before we address the merits of Appellant's issue, we consider whether he preserved it for appeal. Appellant's Pa.R.A.P. 1925(b) statement does not specify precisely which elements of which crimes he contends the Commonwealth failed to prove. This Court has repeatedly required an appellant to specify in the Rule 1925(b) statement the particular element or elements upon which the evidence was insufficient. See, e.g., Commonwealth v. Roche, 153 A.3d 1063, 1072 (Pa. Super. 2017). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each

---

[3] Appellant's brief also states a second issue: "Did the court err in denying Appellant['s] omnibus pretrial motions?" Appellant did not include this issue in his Pa.R.A.P. 1925(b) statement; therefore, it is waived. See Pa.R.A.P. 1925(c)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." Commonwealth v. Stiles, 143 A.3d 968, 982 (Pa. Super. 2016) (citing Commonwealth v. Garland, 63 A.3d 339 (Pa. Super. 2013)). Based upon this Court's desire to apply Rule 1925 in a "predictable, uniform fashion," this Court has determined that waiver applies even where, as here, the Commonwealth fails to object and the trial court addresses the issue in its Rule 1925(a) opinion. Roche, 153 A.3d at 1072 (holding that where Roche was convicted of first-degree murder and criminal conspiracy, a concise statement asserting only that the evidence was insufficient to sustain these convictions resulted in waiver); Commonwealth v. Tyack, 128 A.3d 254, 260 (Pa. Super. 2015) (holding that Tyack's "boilerplate" concise statement declaring "that the evidence was insufficient to support his conviction" was too vague even where Tyack was convicted only of one crime); but see Commonwealth v. Laboy, 936 A.2d 1058, 1060 (Pa. 2007) (holding that this Court erred in concluding Laboy had waived his sufficiency-of-the-evidence issue for lack of specificity where Laboy was convicted of three crimes in a "relatively straightforward drug case" where the "evidentiary presentation spans a mere thirty pages of transcript").

Our Supreme Court pointed out in Laboy that "[i]t may be possible in more complex criminal matters that the common pleas court may require a more detailed statement to address the basis for a sufficiency challenge."

Id. We conclude that this is such a case. After this three-day jury trial, Appellant was convicted of possession and PWID of eight different controlled substances. While some of those substances are illegal under all circumstances, others are illegal only if Appellant did not have a valid prescription. In addition, some of those controlled substances were found on Appellant's person, others were found in a car he was driving, and others in a house he did not own. In that house, the items were found in various locations, including an attic bedroom, a bathroom, and the kitchen. In addition to the controlled substances, Appellant was charged with firearm-related offenses. Again, those firearms were located in various places throughout the house.

If ever a case cried out for specificity in a concise statement, it would be this case. As demonstrated supra, we have held that appellants have waived sufficiency-of-the-evidence issues for lack of specificity under much simpler circumstances. Moreover, this is not a straightforward drug case as contemplated in Laboy. Based on the foregoing, we conclude that Appellant has waived his sufficiency-of-the-evidence issue for lack of specificity.

Because Appellant has waived both issues he argues on appeal, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/31/2018</u>