**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK ALLEN SCOTT | : | |
| | : | |
| Appellant | : | No. 877 EDA 2018 |

Appeal from the Judgment of Sentence February 5, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0005732-2017

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                        **FILED AUGUST 15, 2018**

Mark Allen Scott appeals from the judgment of sentence, entered in the Court of Common Pleas of Delaware County, after he was convicted of criminal conspiracy (retail theft).[1]  After careful review, we affirm.

On April 18, 2017, Scott and his co-worker, Dawn McGraft, entered a Giant Supermarket to use the restroom.  At times they were together and at times they were apart:  Scott entered and left the Giant twice, the second time supposedly to check on McGraft, while McGraft stayed in the store the entire time.  A manager observed McGraft conceal some store products in her pocket and walk past the checkout aisles.  He and another manager confronted McGraft, who fled the supermarket.  During the chase, McGraft dropped the stolen merchandise and ran across the parking lot into another strip mall.

---

[1] 18 Pa.C.S.A. §§ 903, 3929(a)(1).

Scott was waiting in his van and observed the entire chase; he later admitted it was "obvious" that McGraft stole the merchandise. N.T. Trial, 2/5/18, at 37. One of the managers stopped Scott and told him not to pick up McGraft, because she had just committed a crime and the police were on their way. Scott contacted McGraft via cellphone, drove to pick her up, and the two left the scene.

Scott was arrested the same day, and after a non-jury trial he was found guilty of conspiracy to commit retail theft. On February 5, 2018, the court imposed a fine of $300.00. Scott's timely appeal raises the following issue for our review: "Whether the trial court was correct in finding that there was sufficient evidence submitted at trial to convict Mr. Scott of conspiracy to [commit] retail theft?" Brief of Appellant, at 6.

We first note that the Commonwealth challenges the adequacy of Scott's Pa.R.A.P. 1925(b) statement, asserting he did not identify the unproven elements of his crime with adequate specificity. Generally, if the appellant fails to specifically identify the allegedly unproven elements of his crime, the issue is waived for purposes of review. *See Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008); *see also Commonwealth v. Heggins*, 809 A.2d 908, 911 (Pa. Super. 2011) ("[A Rule 1925(b)] [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no [c]oncise [s]tatement at all."). However, we have previously overlooked a deficient Rule 1925(b) statement where the appellant raises a single, straightforward issue, and the trial court

addressed that issue in substantial detail. ***See Commonwealth v. Laboy***, 936 A.2d 1058, 1060 (Pa. 2007) (allowing review of appellant's claim in absence of proper Rule 1925(b) statement due to appellant's "relatively straightforward drug case . . . [that] spans a mere thirty pages of transcript," where trial court "readily apprehended Appellant's claim and addressed it in substantial detail.").

Scott's Rule 1925(b) statement alleges insufficiency of evidence generally and in broad terms, but in his brief he devotes the majority of his argument to a claim that he did not have the requisite shared intent to conspire to commit retail theft. The trial court reviewed the facts and concluded that Scott did indeed have the requisite intent, so it accordingly did not find his Rule 1925(b) statement too vague to review. This is a straightforward retail theft case with one issue raised for review. Thus, we proceed to the merits of Scott's claim.

Our standard of review regarding insufficient evidence is well-settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly

circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Roberts*, 133 A.3d 759, 767 (Pa. Super. 2016).

Conspiracy is defined in 18 Pa.C.S.A. § 903, which provides, in pertinent part, as follows:

(a) **Definition of conspiracy. --** A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

. . .

(e) **Overt act.** -- No person may be convicted of conspiracy to commit a crime unless an overt act in pursuance of such conspiracy is alleged and proved to have been done by him or by a person with whom he conspired.

18 Pa.C.S.A. § 903.

"The essence of criminal conspiracy is a common understanding, no matter how it came into being, that a particular criminal objective be accomplished." *Commonwealth v. Carter*, 416 A.2d 523, 524 (Pa. Super. 1979). A conspiracy is almost always proven by circumstantial evidence. *Commonwealth v. Lambert*, 795 A.2d 1010, 1016 (Pa. Super. 2002). The evidence must rise above the mere possibility of guilty collusion. *Id.*

When reviewing the circumstances surrounding an alleged conspiracy, this Court considers four factors: (1) an association between alleged conspirators; (2) knowledge of the commission of the crime; (3) presence at the scene of the crime; and (4) in some situations, participation in the object of the conspiracy. **Lambert**, **supra**. These factors are relevant when determining a conspiracy, but are not sufficient by themselves. **Id.**

Viewing the evidence in the light most favorable to the Commonwealth, we find there is sufficient evidence to sustain Scott's conviction. The record reveals circumstantial evidence that creates an inference of conspiracy. Scott and McGraft traveled to the supermarket together. Scott was waiting outside while McGraft stole the merchandise, and subsequently observed the entire chase between McGraft and the store managers. The manager informed Scott that McGraft had just committed a crime, he had just called the police, and that Scott should not leave or pick up McGraft. With this knowledge, Scott still voluntarily contacted and picked up McGraft to help her elude capture by driving away. Accordingly, we hold there was sufficient evidence for the factfinder to find guilt beyond a reasonable doubt. Scott is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/18