936 A.2d 1058

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Bernardino LABOY, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 1, 2007.

Decided Nov. 26, 2007.

412

Thomas Russell Quinn, Esq., for Bernardino Laboy.

Hugh J. Burns, Jr., Esq., Philadelphia District Attorney's Office, for Commonwealth of Pennsylvania.

BEFORE: CAPPY, C.J., and CASTILLE, SAYLOR, EAKIN, BAER, BALDWIN and FITZGERALD, JJ.

### OPINION

PER CURIAM.

In this appeal, Appellant challenges the Superior Court's determination that, in his statement of matters complained of on appeal under former Rule of Appellate Procedure 1925(b), he failed to adequately develop his claim of insufficient evidence to support his conviction.

Appellant was charged, tried, and convicted of possession of a controlled substance with intent to deliver, knowing and intentional possession of a controlled substance, and criminal conspiracy. Although Appellant was not found to have been in the possession of contraband, the Commonwealth's theory of the case was that he acted as a lookout and money handler

in connection with multiple sales of illicit drugs in Philadelphia.

After receiving a sentence of three to six years' imprisonment, Appellant filed a timely notice of appeal. The trial court directed him to file a statement of matters complained of on appeal, and Appellant filed the following statement:

The issue which will be raised on appeal is as follows:

I.    Evidence of drug trafficking and conspiracy was insufficient.

II.   Evidence of conspiracy was insufficient.

In its Rule 1925(a) opinion, the trial court set out the evidence adduced against Appellant in detail, accompanied by citations to the transcript, and concluded that there was ample evidence to conclude that Appellant and a co-defendant conspired to sell narcotics. On appeal, the parties briefed the sufficiency claim. However, the Superior Court refused to review the question on its merits, faulting Appellant for failing in his statement of matters complained of on appeal to specify how the evidence failed to establish which element or elements of the offenses for which Appellant was convicted. Thus, the court deemed Appellant's claim to have been waived and affirmed the judgment of sentence.

We allowed appeal to consider whether the Superior Court should have afforded merits review. Prior to the decision in *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998), the decision concerning whether claims were waived under Rule 1925(b) was discretionary in the intermediate appellate court, and therefore, we reviewed such decisions for an abuse of discretion. In *Lord,* however, this Court converted the discretionary rule into a mandatory one. *See id.* at 420, 719 A.2d at 309. Therefore, the waiver determination is now tantamount to a conclusion of law, over which our review is plenary. The relevant proceedings in this case preceded the effective date of the 2007 amendments to Rule 1925.

Presently, Appellant contends that it would be clear to anyone familiar with criminal law that the sole issue in the case was whether he was vicariously liable for the actions of

his co-defendant, as he neither possessed drugs personally nor was observed actually conducting a drug transaction. Appellant stresses that the trial court prepared a thorough opinion precisely answering the question presented. Since Appellant's Rule 1925(b) statement was intended to be a guide to the trial judge in the preparation of an opinion, and because in this case it accomplished that goal, Appellant finds the Superior Court's refusal to review his sufficiency claim to be erroneous. Indeed, according to Appellant, the Superior Court has lost sight of the purpose of Rule 1925(b), in favor of a speedy and effortless, but unjust, disposition of cases.

The Commonwealth observes that Appellant's Rule 1925(b) statement provided no hint as to why he considered the evidence insufficient or how the trial court had erred. According to the Commonwealth, it serves no purpose to permit an appellant to furnish the trial court with a mere reference to a legal principle, without explaining how it applies to the case at hand. It is the Commonwealth's position that such vague claims must be deemed waived. Further, the Commonwealth contends that Appellant is incorrect in his assertion that the nature of his claim was obvious. In this regard, the Commonwealth's argument proceeds as follows:

> The trial court's discussion of sufficiency noted that the police saw both coconspirators together on a corner over a period of time during which people approached and spoke with them. On each such occasion defendant's cohort and the buyer would go to a nearby lot while defendant would ride his bicycle to a position in which he could look up and down the block. After returning from the lot, the cohort would turn money over to defendant. The buyers who were stopped possessed cocaine packets identical to those found on defendant's coconspirator, who had little money on his person, which defendant had a large amount of cash. The court concluded that it could reasonably be inferred from this evidence that defendant was performing the " 'lookout and moneyman' role in the conspiracy. But this opinion, despite thoroughly reviewing the evidence, *did not actually respond to defendant's sufficiency argument.*" That argu-

ment, as demonstrated by defendant's Superior Court brief, asserted that the evidence was insufficient because he had no drugs on his person, and because the position to which he rode his bicycle had not been proven to be an effective post for a lookout. Of course, the trial court could not have addressed these arguments since defendant had never mentioned them. Thus, the true nature and content of defendant's sufficiency claim was not "obvious" at all—or at least not obvious enough for the trial court to guess what it was.

Brief for Appellee, at 6–7 (emphasis in original).

Upon our review, we agree with Appellant that the Superior Court should have afforded the requested sufficiency review. In the present, relatively straightforward drug case, the evidentiary presentation spans a mere thirty pages of transcript. It may be possible in more complex criminal matters that the common pleas court may require a more detailed statement to address the basis for a sufficiency challenge. Here, however, the common pleas court readily apprehended Appellant's claim and addressed it in substantial detail.

We recognize that the Commonwealth is correct in its observation that Appellant's Rule 1925(b) statement did not set forth a specific contention that Appellant's physical location at the time of drug sales was not shown to have been an effective one for a drug lookout. Nevertheless, that contention is comprised of a single statement in Appellant's Superior Court brief, does not appear to be highly material to the outcome of the appellate review (as the Commonwealth was not required to prove that Appellant was effective in serving as a drug lookout), and is fully amenable to review by the Superior Court as a component of the overall sufficiency claim without commentary from the trial court.

The order of the Superior Court is vacated and the matter is remanded for the intermediate appellate court to conduct the requested sufficiency review.

Jurisdiction is relinquished.