J-S36031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: E.C. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: N.C. | No. 2172 MDA 2015 |

Appeal from the Decree November 17, 2015,
in the Court of Common Pleas of Lancaster County, Orphans'
Court, at No(s): 2014-1720

BEFORE:  MUNDY, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 17, 2016**

N.C. ("Mother") appeals from the decree dated and entered November 17, 2015,  in the Court of Common Pleas of Lancaster County by the Honorable Jay J. Hoberg, granting the petition filed by Lancaster Children and Youth Service Agency ("CYS") to involuntarily terminate Mother's parental rights to the minor, male child, E.C. (born in December of 2012) ("Child"), pursuant to section 2511(a)(1), (2), (6), and (8) and (b) of the Adoption Act, 23 Pa. C.S.A. § 2511(a)(1), (2), (6), and (8) and (b).[1]  We affirm.

The trial court has set forth the relevant history of this case in its Opinion.  **See** Trial Court Memorandum Opinion, 11/17/15, at 2-9.  We adopt the trial court's recitation for purposes of this appeal.  **See id**.  On August 21, 2014, CYS filed a petition to terminate the parental rights of

---

[1] On December 15, 2015, the trial court terminated V.B.-F.'s ("Father") parental rights to Child.  Father is not a party to this appeal, nor did he file a separate appeal.
*Former Justice specially assigned to the Superior Court.

Mother to Child. On October 7, 2014 and August 11, 2015, the trial court held hearings on that petition. At the hearings, Robert Pratt, a CYS supervisor, Suzanne Ail, Ph.D., a clinical psychologist; Angela Sypolt, CYS caseworker; Franziska Sexton, Mother's life coach; and Mother testified. On November 17, 2015, the trial court terminated Mother's parental rights to Child.

On December 15, 2015, Mother timely filed a notice of appeal, along with a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).

Mother raises the following issues on appeal:

1. Was the decision of the trial court based on insufficient evidence?

2. Was the decision of the trial court against the weight of the evidence?

Mother's Brief, at 4.

In reviewing an appeal from a decree terminating parental rights, we adhere to the following standard:

> [A]ppellate courts must apply an abuse of discretion standard when considering a trial court's determination of a petition for termination of parental rights. As in dependency cases, our standard of review requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. *In re: R.J.T.*, 608 Pa. 9, 9 A.3d 1179, 1190 (Pa. 2010). If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. *Id.*; *R.I.S.*, [614 Pa. 275, 284,] 36 A.3d 567, 572 (Pa. 2011) (plurality opinion)]. As has been often stated, an abuse of discretion does not result merely because the reviewing court might have

- 2 -

reached a different conclusion. ***Id.***; ***see also Samuel Bassett v. Kia Motors America, Inc.***, 613 Pa. 371[, 455], 34 A.3d 1, 51 (Pa. 2011); ***Christianson v. Ely***, [575 Pa. 647, 654-655], 838 A.2d 630, 634 (Pa. 2003). Instead, a decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. ***Id.***

As we discussed in ***R.J.T.***, there are clear reasons for applying an abuse of discretion standard of review in these cases. We observed that, unlike trial courts, appellate courts are not equipped to make the fact-specific determinations on a cold record, where the trial judges are observing the parties during the relevant hearing and often presiding over numerous other hearings regarding the child and parents. ***R.J.T.***, [608 Pa. at 28-30], 9 A.3d at 1190. Therefore, even where the facts could support an opposite result, as is often the case in dependency and termination cases, an appellate court must resist the urge to second guess the trial court and impose its own credibility determinations and judgment; instead we must defer to the trial judges so long as the factual findings are supported by the record and the court's legal conclusions are not the result of an error of law or an abuse of discretion. ***In re Adoption of Atencio***, [539 Pa. 161, 165,] 650 A.2d 1064, 1066 (Pa. 1994).

***In re Adoption of S.P.***, 616 Pa. 309, 325-26, 47 A.3d 817, 826-27 (2012).

The burden is upon the petitioner to prove by clear and convincing evidence that the asserted grounds for seeking the termination of parental rights are valid. ***In re R.N.J.***, 985 A.2d 273, 276 (Pa.Super. 2009).

Moreover, we have explained:

[t]he standard of clear and convincing evidence is defined as testimony that is so "clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue."

***Id.*** (*quoting* ***In re J.L.C.***, 837 A.2d 1247, 1251 (Pa.Super. 2003)).

This Court may affirm the trial court's decision regarding the termination of parental rights with regard to any one subsection of section 2511(a). *See In re B.L.W.*, 843 A.2d 380, 384 (Pa.Super. 2004) (*en banc*). Accordingly, for the purpose of our review, we will focus on the termination of Mother's parental rights pursuant to 23 Pa.C.S.A. § 2511(a)(8). The relevant statutory provisions state, in pertinent part:

**§ 2511. Grounds for involuntary termination**

**(a) General rule.--**The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:

&ast; &ast; &ast;

(8) The child has been removed from the care of the parent by the court or under a voluntary agreement with an agency, 12 months or more have elapsed from the date of removal or placement, the conditions which led to the removal or placement of the child continue to exist and termination of parental rights would best serve the needs and welfare of the child.

&ast; &ast; &ast;

**(b) Other considerations.—**[…] With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S.A. § 2511(a)(8) and (b).

When considering a termination petition, the trial court must initially focus on the conduct of the parent and determine whether statutory grounds for termination under Section 2511(a) are met. *In re Adoption of R.J.S.*,

- 4 -

901 A.2d at 508. Subsection (a)(8) requires clear and convincing proof "(1) that the child has been removed from the care of the parent for at least twelve (12) months; (2) that the conditions which had led to the removal or placement of the child still exist; and (3) that termination of parental rights would best serve the needs and welfare of the child." *Id.* at 511. In a Section 2511(a)(8) analysis, the focus is solely on whether the conditions which led to the child's initial placement continue to exist. "Termination under Section 2511(a)(8) does not require the court to evaluate a parent's current willingness or ability to remedy the conditions that initially caused placement or the availability or efficacy of Agency services." *In re Z.P.*, 994 A.2d 1108, 1118 (Pa.Super. 2010) (citations omitted). This Court has explained:

> We recognize that the application of Section (a)(8) may seem harsh when the parent has begun to make progress toward resolving the problems that had led to removal of her children. … However, by allowing for termination when the conditions that led to removal of a child continue to exist after a year, the statute implicitly recognizes that a child's life cannot be held in abeyance while a parent attempts to attain the maturity necessary to assume parenting responsibilities. The court cannot and will not subordinate indefinitely a child's need for permanence and stability to a parent's claims of progress and hope for the future. Indeed, we work under statutory and case law that contemplates only a short period of time, to wit eighteen (18) months, in which to **complete** the process of either reunification or adoption for a child who has been placed in foster care.

*In re Adoption of R.J.S.*, 901 A.2d at 513 (emphasis in original) (citations omitted). "A parent is required to exert a sincere and genuine effort to

maintain a parent-child relationship; the parent must use all available resources to preserve the parental relationship and must exercise reasonable firmness in resisting obstacles placed in the path of maintaining the parent-child relationship." *In re C.M.S.*, 832 A.2d 457, 462 (Pa.Super. 2003) (internal quotation omitted).

Furthermore, "we are instructed that we may not consider any effort by the parent to remedy the conditions described in subsection[](a)(8) if that remedy was initiated after the parent was given notice that the termination petition had been filed." *In re Z.P.*, 994 A.2d at 1121 (citation omitted); 23 Pa.C.S.A. § 2511(b). Further, this evidentiary limitation applies to the entire termination analysis. *Id.* The court, however, may consider post-petition efforts if the efforts were initiated before the filing of the termination petition and continued after the petition date. *Id.*

In her appellate brief and Rule 1925(b) statement, Mother first argues the decision of the trial court was based on insufficient evidence. *Id.* at 4. Mother also avers that the decision of trial court was against the weight of the evidence. *Id.* While Mother does not state with specificity her issues of appeal in her Rule 1925(b) statement and in her brief, we do not deem the issues waived, and we review the issues in Mother's brief challenging the termination of parental rights. *See Commonwealth v. Laboy*, 936 A.2d 1058 (Pa. 2007).

After careful review of the record, including the notes of testimony from the October 7, 2014 and August 11, 2015 hearings, the parties' briefs, and the well-reasoned decision of the Honorable Jay J. Hoberg, we affirm on the basis of the trial court's decision. **See** Trial Court Memorandum Opinion, 11/17/15, at 11-19 (holding Child has been removed from Mother's custody for thirty-two months; the conditions which led to the removal still exist including Mother's instability, mental health issues, and relationship with Father; CYS presented credible evidence regarding the needs, welfare and best interests of Child; Child's resource family meets Child's developmental and emotional needs; and Child has stability and permanency in his resource home). Accordingly, having perceived no abuse of discretion, we affirm the trial court's decree. **See In re Adoption of S.P.**, 47 A.3d at 826-27.

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2016