J-S71024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
 :  PENNSYLVANIA
 : 
v.  : 
 : 
 : 
 : 
PATRICK DANIEL TILLIO, JR.  : 
 : 
Appellant  :  No. 3495 EDA 2015

Appeal from the Judgment of Sentence October 29, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004226-2015

BEFORE:   BOWES, PANELLA, and FITZGERALD,[*]JJ.

DISSENTING STATEMENT BY FITZGERALD, J.:     **FILED APRIL 26, 2017**

I respectfully disagree with the majority's suggestion that Appellant's defective Pa.R.A.P. 1925(b) statement results in waiver. Moreover, I am unable to accept the majority's alternative reasons for rejecting Appellant's sufficiency of the evidence challenge. Rather, I would reverse the judgment of sentence in this case.

First, Appellant's Rule 1925(b) statement is clearly defective as counsel cites and provides additional argument based on the wrong subsection of the criminal trespass statute. However, because the underlying proceedings were straightforward, the trial court was able to discern and address Appellant's sole intended issue on appeal without difficulty. **Cf. Commonwealth v. Laboy**, 936 A.2d 1058, 1060 (Pa. 2007);

---

[*] Former Justice specially assigned to the Superior Court.

Trial Ct. Op., 3/28/16, at 2. Because the defects in the Rule 1925(b) statement do not hamper appellate review, I would not find his issue waived.[1]

Second, as to the sufficiency of the evidence, it is apparent that the trial court found determinative Appellant's own testimony that officers told him "to go back to Lower Merion." **See** N.T., 10/29/15, at 43-44; Trial Ct. Op. at 4. In my view, that testimony, when read in light of the remaining trial record, does not support the court's conclusion that there was "actual communication" that Appellant's mere presence inside a car in the parking lot would constitute defiant trespass.[2] **See** 18 Pa.C.S. § 3503(b)(1)(i) ("A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by . . . actual communication to the actor[.]").

Thus, I would reverse Appellant's conviction for defiant trespass and respectfully dissent.

---

[1] Moreover, this appeal involves a summary conviction for which Appellant was sentenced to time served. The majority's suggested waiver analysis would deny Appellant his right to pursue his sole issue on appeal as there would be no further remedy for counsel's ineffectiveness under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.

[2] Indeed, aside from the considerable hearsay problems that arose due to the Commonwealth's failure to call any of the police officers involved in communicating to Appellant or his father, the Commonwealth only presented evidence that the officers told Appellant "not to come to the office anymore." N.T., 10/29/15, at 11.