J-S34041-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRAKEER NEWSOME, | : | |
| | : | |
| Appellant | : | No. 159 WDA 2018 |

Appeal from the Judgment of Sentence January 11, 2018
in the Court of Common Pleas of Fayette County Criminal Division
at No(s): CP-26-CR-0000801-2017

BEFORE:    BOWES, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED JULY 24, 2018**

Brakeer Newsome (Appellant) appeals from his judgment of sentence imposed following his conviction for aggravated harassment by prisoner. We affirm.

The trial court summarized the factual and procedural history as follows.

> Appellant, a "maximum security inmate" at the State Correctional Institution of Fayette County [(SCI Fayette)], was cited for misconduct resulting from hi[s] repeatedly obstructing the view of his holding cell in violation of SCI Fayette's inmate safety protocols and procedures. Appellant was housed in SCI Fayette's (L5) restricted housing unit.
>
> On December 19, 2016, at approximately 19[:]40 hours, Lieutenant Chad Parker and his fellow correction[s] officers responded and promptly removed Appellant and his personal effects from his holding cell. Lieutenant Parker testified that Appellant was strip searched per Department of Corrections' policy and was subsequently removed from his cell without problem or showing signs of aggression. However, once Appellant entered the prison's common area, he chose not to move. [Lieutenant

*Retired Senior Judge assigned to the Superior Court.

Parker] also testified that he directed his officers to activate a handheld camera to record Appellant's behavior.

Lieutenant Parker further testified,

For some reason the camera wouldn't work. I took a step out to show the officer or to try to fix the problem with the camera and as I did that I left myself vulnerable and the inmate turned and spit in my face. My eyes, my mouth. And then the officers, they took him down to the floor to gain control a couple times and we got him into a restraint chair to move him and he was placed in our intake area to be held for another officer to come and take charge of the situation.

[Lieutenant Parker] later testified that Appellant, after being restrained, said "like that you little bitch." Lieutenant Parker then reported the incident and subsequently was treated for blood borne diseases with antiviral medication.

[Following a jury trial,] Appellant was found guilty of aggravated harassment by prisoner on January 4, 2018. He was later sentenced on January 11, 2018, to undergo a term of imprisonment no less than [27] months [to] no more than [6] years.

Trial Court Opinion, 2/20/2018, at 2-3 (record citations and unnecessary articles omitted).

Appellant did not file a post-sentence motion. He timely filed a notice of appeal, and Appellant and the trial court complied with Pa.R.A.P. 1925. On appeal, Appellant presents one issue: "[w]as the evidence insufficient to find [] Appellant guilty beyond a reasonable doubt of the criminal charges?"[1] Appellant's Brief at 7 (unnecessary capitalization omitted).

---

[1] Appellant used identical phrasing in his concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Our standard of review in challenges to sufficiency of the evidence is to determine

> whether, viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth as the] verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 716 (Pa. Super. 2015) (citation omitted).

Appellant was convicted of the following crime:

§ 2703.1 Aggravated harassment by prisoner

A person who is confined in or committed to any local or county detention facility, jail or prison or any State penal or correctional institution or other State penal or correctional facility located in this Commonwealth commits a felony of the third degree if he, while so confined or committed …, intentionally or knowingly causes or attempts to cause another to come into contact with blood, seminal fluid, saliva, urine or feces by throwing, tossing, spitting or expelling such fluid or material.

18 Pa.C.S. § 2703.1.

Appellant contends that the Commonwealth failed to prove the elements of the crime beyond a reasonable doubt, although he never specifies which specific elements the Commonwealth failed to prove. Appellant's Brief at 10-

15. Appellant concedes that witnesses for the Commonwealth testified that Appellant spit on a corrections officer at SCI Fayette, but nevertheless states in a conclusory fashion that the Commonwealth failed to present sufficient evidence to convict Appellant of aggravated harassment by prisoner. *Id.* at 15. Appellant further argues that the "verdicts were against the evidence since the testimony concerning the crimes charged was inconsistent and was contradicted by testimonial evidence." *Id.* at 13.

After review of the record and Appellant's brief, we conclude that Appellant is not entitled to relief. First, Appellant failed to preserve his sufficiency challenge by filing a vague Pa.R.A.P. 1925(b) concise statement. Appellant's concise statement raised only a generic challenge and did not specify precisely which elements of the crime he contends the Commonwealth failed to prove. This Court has repeatedly required an appellant to specify in the Rule 1925(b) statement the particular element or elements upon which the evidence was insufficient. *See, e.g., Commonwealth v. Roche*, 153 A.3d 1063, 1072 (Pa. Super. 2017). *But c.f. Commonwealth v. Laboy*, 936 A.2d 1058, 1060 (Pa. 2007) (finding no waiver in a "relatively straightforward" case if the trial court is able to identify the issues).

Even if Appellant did not waive his sufficiency challenge based upon the deficient Rule 1925(b) statement, he certainly has waived his challenge by his deficient appellate brief. Appellant fails to comply with multiple rules of appellate procedure. Appellant's statement of the case fails to set forth any

facts or record citations. **Compare** Appellant's Brief at 8 **with** Pa.R.A.P. 2117(a)(4). Moreover, Appellant's argument is woefully undeveloped. **Compare** Appellant's Brief at 10-15 **with** Pa.R.A.P. 2119(a). Appellant repetitively sets forth the general standard for sufficiency challenges, but like his Rule 1925(b) concise statement, never specifies what he contends the Commonwealth failed to prove.[2] Nor does he analyze how the standard applies to his case. Instead, he just repeats general case law and makes conclusory statements. Thus, he has failed to develop the issue in any meaningful fashion capable of review, and his challenge to the sufficiency of the evidence is waived. **Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa. Super. 2009) (finding that Gibbs waived his sufficiency claim by failing to specify which elements he was challenging in his concise statement and brief and by failing to cite to legal authority other than the general standard of review); **Commonwealth v. Patterson**, 180 A.3d 1217, 1229 (Pa. Super. 2018) (finding waiver because appellant's brief failed to develop an issue in any meaningful fashion capable of appellate review).

Even if Appellant did not waive the sufficiency claim for the reasons discussed above, he would still not be entitled to relief. Three corrections

---

[2] In fact, in addition to failing to analyze the statute, Appellant never cites to the statute under which he was convicted. Instead, Appellant cites to two other criminal statutes that have nothing to do with his case. Appellant's Brief at 9 (citing to 18 Pa.C.S. § 3126(a)(4), which criminalizes indecent assault); **id.** at 10 (citing to 18 Pa.C.S. § 5123(a.2), which criminalizes possession of controlled substance contraband by an inmate).

officers, including Lieutenant Parker, testified that they saw Appellant, while he was confined at SCI Fayette, expel his saliva towards Lieutenant Parker. N.T., 1/4/2018, at 12, 16, 28, 33. Specifically, Lieutenant Parker testified that Appellant spit in his eye and mouth while Appellant was protesting his removal from his cell for a disciplinary infraction. *Id.* at 12, 16. Corrections Officer Robert Boscarino corroborated Lieutenant Parker's testimony. *Id.* at 33. Corrections Officer Todd Tharpe also saw Appellant spit on Lieutenant Parker after Appellant stopped cooperating with the corrections officers during his removal from his cell, although he did not see specifically where the spit landed. *Id.* at 28. Thus, it is clear that the Commonwealth proved all elements of aggravated harassment by prisoner beyond a reasonable doubt. *See* 18 Pa.C.S. § 2703.1.

Finally, we note that Appellant makes vague overtures towards attacking the weight of the evidence in his brief. *See* Appellant's Brief at 13, 15. However, Appellant has waived any challenge to the weight of the evidence. First, he failed to preserve such a challenge before the trial court. *See* Pa.R.Crim.P. 607; ***Commonwealth v. Lewis***, 45 A.3d 405, 410 (Pa. Super. 2012) (*en banc*). Second, neither his Rule 1925(b) concise statement nor the statement of the issue he presents on appeal encompasses such a challenge. Since challenges to weight and sufficiency are distinct legal claims, he has waived the weight challenge by failing to include it. ***See Commonwealth v. Kinney***, 157 A.3d 968, 971–72 (Pa. Super. 2017). Third,

similar to his sufficiency challenge, Appellant fails to develop meaningfully his challenge to the weight of the evidence in his brief. **Patterson**, 180 A.3d at 1229.

Furthermore, even if Appellant had preserved a challenge to the weight of the evidence, such a challenge would fail. "The weight of the evidence is exclusively for the finder of fact, which is free to believe all, part, or none of the evidence, and to assess the credibility of the witnesses.... An appellate court cannot substitute its judgment for that of the jury on issues of credibility." **Kinney**, 157 A.3d at 80-81, n.3. Appellant vaguely argues that there is some unspecified conflict in the testimony of the witnesses. Not only are we unable to discern any conflict in the testimony of the three corrections officers, the jury obviously credited their testimony. Because we may not disturb the jury's credibility determinations in this manner, this claim, if preserved, would have failed. **Id.**

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

- 7 -

Date: 7/24/2018