J-S57040-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ERIC MONROE DAVIS, | : | |
| | : | |
| Appellant | : | No. 3212 EDA 2017 |

Appeal from the Judgment of Sentence June 14, 2017
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002980-2016

BEFORE:    PANELLA, J., PLATT, J.* and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    **FILED DECEMBER 14, 2018**

Eric Monroe Davis (Appellant) appeals from the June 14, 2017 judgment of sentence imposed after a jury convicted him of, *inter alia*, second-degree murder.  Upon review, we affirm.

The trial court provided a succinct summary of the underlying facts in its Pa.R.A.P. 1925(a) opinion.

> [A]ppellant and his confederate, who was identified as "Animal" throughout the trial, surreptitiously entered the [Allentown] residence of the victim, Jose Carrero, and in the presence of the victim's [five-year-old] daughter, "Animal" shot and killed the victim.  Mr. Carrero died of a "rapidly fatal" gunshot wound of the "torso and neck."  A visitor in the Carrero household, Jose Morales, was also assaulted and shot in the leg during the home invasion.

Trial Court Opinion, 12/15/2017, at 1-2 (footnote with record citations omitted).

_____

*Retired Senior Judge assigned to the Superior Court.

Following a four-day jury trial, Appellant was found guilty of second-degree murder, conspiracy to commit third-degree murder, robbery, conspiracy to commit robbery, burglary, conspiracy to commit burglary, aggravated assault, and conspiracy to commit aggravated assault. Appellant was sentenced to life imprisonment without the possibility of parole for second-degree murder, as well as an aggregate consecutive term of 13 to 40 years of imprisonment for conspiracy to commit robbery and aggravated assault. Appellant timely filed a post-sentence motion, which the trial court denied on September 11, 2017.

This timely-filed appeal follows. Both Appellant and the trial court complied with Pa.R.A.P. 1925. On appeal, Appellant presents three issues for our consideration.

> [1.] Whether the trial court committed error when it denied [Appellant's] request to allow the usage of grand jury testimony from an unavailable witness to be used in the cross-examination of a Commonwealth witness?
>
> [2.] Whether the trial court prejudiced the jury by giving questionable or biased examples during the jury instructions in an attempt to clarify the concept of circumstantial evidence?
>
> [3.] Whether or not the evidence as presented was sufficient as a matter of law to support the conviction for all charges and whether the involvement of [Appellant] in the criminal enterprise was proven?

Appellant's Brief at 9-10 (unnecessary capitalization and trial court answers omitted).

Appellant's first claim challenges the trial court's decision to deny Appellant's motion to introduce the grand jury testimony of Nikita Cespedes. Appellant's Brief at 18.  Our standard of review for the admission of evidence is well-settled.

> The admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion. An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Manivannan*, 186 A.3d 472, 479–80 (Pa. Super. 2018 (citation omitted).

On the second day of trial, April 19, 2017, Appellant's counsel sought to admit the grand jury testimony of Nikita Cespedes.[1]  N.T., 4/19/2017, at 5-6, 130-31, 138.  On appeal, Appellant acknowledges that the grand jury testimony of Cespedes constituted hearsay, but argues it was admissible pursuant to Pa.R.E. 804(b)(1), the former testimony exception.  Appellant's Brief at 12.

> Hearsay is an out of court statement offered to prove the truth of the matter asserted. Generally, it is not admissible, as it lacks guarantees of trustworthiness fundamental to [our] system of jurisprudence. In order to guarantee trustworthiness, the

---

[1] Appellant initially sought to introduce the grand jury testimony in order to impeach Commonwealth witness Tai-Mare Mercado, but later amended the offer of proof to admit this testimony as substantive evidence instead of impeachment.  N.T., 4/19/2017, at 5-6, 9, 130-31.

proponent of a hearsay statement must establish an exception to the rule of exclusion before it shall be admitted.

*Manivannan*, 186 A.3d at 80 (citations and quotation marks omitted). The former testimony exception provides that prior testimony is not excluded by the rule against hearsay if the proffered testimony "was given as a witness at trial, hearing, or lawful deposition… and [] is now offered against a party who had… an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Pa.R.E. 804(b)(1)(A)-(B). To be entitled to the application of this exception, the proponent must prove that the declarant was unavailable at trial.

> A witness who cannot be found at the time of trial will be deemed unavailable only if a good-faith effort to locate the witness and compel his attendance at trial has failed. The burden of demonstrating such a good-faith effort is on the party seeking to introduce the prior testimony, and [t]he question of the sufficiency of the preliminary proof as to the absence of a witness is largely within the discretion of the trial judge. The extent to which [a party] must go in order to produce an absent witness is a question of reasonableness.

*Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 541 (Pa. Super. 1995) (citations and quotation marks omitted).

Appellant sought to introduce the grand jury testimony of Cespedes against the Commonwealth because it "differed in significant ways from the testimony of the Commonwealth's next witness, Tai-Mare Mercado, including contradicting his expected testimony that he, along with [Appellant] and 'Animal'[] had driven to Allentown and gone to and stayed at [] Cespedes's

- 4 -

apartment on the night of [the robbery]." Appellant's Brief at 19. Appellant argued that it was admissible pursuant to the former testimony exception because Cespedes was subject to full examination by the Commonwealth at the grand jury testimony. N.T., 4/19/2017, at 7. In fact, because it was a grand jury investigative hearing, Cespedes was only subject to examination by the Commonwealth, and was not subject to any cross-examination. *See id.* Additionally, Appellant's counsel claimed that Cespedes was unavailable, though she conceded that she first attempted to locate Cespedes only two days earlier, on April 17, 2017. N.T., 4/19/2017, at 137.

After hearing argument from both parties, the trial court denied Appellant's motion. *Id.* at 143. In its 1925(a) opinion, the trial court explained that it denied Appellant's motion because Appellant had failed to establish that Cespedes was unavailable.

> The last minute decision to locate [] Cespedes about a peripheral issue regarding visitors to her household failed to establish her unavailability. Although she may have been in Florida according to her Facebook page, and bench warrants may have been outstanding, the effort[s] to locate her were negligible and not reasonable.

Trial Court Opinion, 12/15/2017, at 17. Moreover, the trial court found that the Commonwealth did not have a similar motive to develop Cespedes's testimony at the grand jury hearing as it would on cross-examination at Appellant's trial, and thus Appellant could not avail himself of the former testimony exception to the rule against hearsay. *Id.* at 18.

- 5 -

Even if we considered Appellant's eleventh hour attempt to locate Cespedes as a reasonable effort to compel her presence at trial, we agree with the trial court's conclusion that the Commonwealth's motives in questioning a Commonwealth witness during a grand jury investigative hearing are not similar to its motives on cross-examination of a defense witness at a jury trial. ***See Commonwealth v. Arter***, 151 A.3d 149, 154 (Pa. 2016) (noting that grand jury proceedings "play a special role in the law enforcement process" and are non-adversarial) (citing ***United States v. Calandra***, 414 U.S. 338 (1974)). Because the motives are drastically dissimilar between a grand jury investigation of a Commonwealth witness and cross-examination of a defense witness at a jury trial, Appellant could not avail himself of the former testimony exception to make this hearsay admissible. Accordingly, we find that the trial court did not abuse its discretion in denying Appellant's motion to admit the grand jury testimony as it was hearsay that did not fit within an exception.

Appellant next claims that the trial court erred in providing examples during the circumstantial evidence jury instruction. Specifically, Appellant argues that the trial court's examples from the Commonwealth's case "highlighted their importance and inferred that they proved [Appellant's] guilt through their application of the circumstantial evidence jury charge." Appellant's Brief at 24.

We begin with our standard of review.

- 6 -

> Our trial courts are invested with broad discretion in crafting jury instructions, and such instructions will be upheld so long as they clearly and accurately present the law to the jury for its consideration. Where a defendant appeals a jury instruction, we consider the challenged instruction in its entirety, rather than isolated fragments.

***Commonwealth v. Simpson***, 66 A.3d 253, 274 (Pa. 2013) (citations omitted). Furthermore, a "trial court may use its own form of expression to explain difficult legal concepts to the jury, as long as the trial court's instruction accurately conveys the law." ***Commonwealth v Spotz***, 759 A.2d 1280, 1287 (Pa. 2000).

As part of its circumstantial evidence instruction, the trial court offered several examples. First, it provided examples about the use of circumstantial evidence to establish that a child had eaten chocolate chip cookies from a cookie jar. N.T., 4/21/2017, at 61-62. Next, it provided examples of potential circumstantial evidence from the Commonwealth's case regarding a knit cap that could lead to the ultimate fact that it was Appellant's cap and that he was one of the intruders. Specifically, the proffered examples of circumstantial evidence were that (1) the cap was found on top of a shell casing in the victim's kitchen; (2) Appellant's girlfriend testified that Appellant wore the cap; and (3) Appellant's DNA was found in a DNA mixture collected from the inside of the cap. ***Id.*** at 63-64. Finally, the trial court offered the global positioning system (GPS) coordinates for the vehicle Appellant purportedly borrowed the night of the

robbery as potential circumstantial evidence to prove that Appellant was in Allentown that evening. *Id.* at 64. Appellant objected to these examples at the conclusion of the jury instructions. *Id.* at 91. The trial court overruled the objection, finding its examples "benign" and noting that the court "kept telling the jury they have to be satisfied that what the witness said was true[.]" *Id.* at 93.

In *Commonwealth v. Hughes*, 865 A.2d 761, 792 (Pa. 2004), our Supreme Court considered whether a trial court, in crafting its circumstantial evidence jury instruction, "improperly focused upon circumstances indicating [Hughes's] guilt[.]"

> [F]or example, the court referred to the letters that had been burned into the ceiling at the crime scene and those appearing on the ceiling of [Hughes']s bedroom. Notably, the court also employed generic examples of circumstantial evidence as part of the explanation. In any event, the instruction was aimed at contrasting the Commonwealth's indirect or circumstantial proof with direct evidence, and the fact that the court used as examples certain aspects of the circumstantial evidence in Appellant's case did not improperly suggest his guilt.

*Id.* at 792–93.

Instantly, while the trial court unquestionably focused upon circumstances implicating Appellant's guilt in its circumstantial evidence jury instruction, like the instruction in *Hughes*, it also included generic examples and was aimed at contrasting the differences between direct and indirect proof. Moreover, the trial court repeatedly reminded the jury that the jurors must first determine whether the testimony of the witness offering the

purported circumstantial evidence was truthful and accurate, and whether the existence of the circumstantial facts leads to the conclusion that the facts at issue also happened. N.T., 4/21/2017, at 62-65. Thus, upon review of the circumstantial evidence instruction as a whole, we find that the trial court provided a thorough and legally accurate instruction of circumstantial evidence, with examples that it deemed appropriate to aid the jury in understanding this difficult legal concept. *See Hughes*, 865 A.2d at 792-93 (finding examples in court's circumstantial evidence jury instruction were aimed at distinguishing direct and indirect proof, and did not improperly suggest defendant's guilt). Accordingly, we find no abuse of discretion.

Appellant finally claims that the evidence was insufficient to sustain all of his convictions. Appellant's Brief at 25. Before we reach the merits of this claim, we must determine whether Appellant has preserved it.

> As a preliminary matter, it should be noted that "when challenging the sufficiency of the evidence on appeal, the '[a]ppellant's [court ordered Pa.R.A.P.1925(b) concise] statement must specify the element or elements upon which the evidence was insufficient' in order to preserve the issue for appeal." *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) []. If the appellant fails to conform to the specificity requirement, the claim is waived. *Id.*

*Commonwealth v. Smyser*, ___ A.3d ___, 2018 WL 4326689, at *3 (Pa. Super. filed Sept. 11, 2018).

Instantly, in his Pa.R.A.P. 1925(b) statement, Appellant failed to specify which elements of what crimes he claimed lacked sufficient evidence.

Concise Statement of Errors Complained of on Appeal, 10/23/2017, at ¶ 2 ("The evidence presented at trial was insufficient to sustain the convictions on all charges as it did not establish the quantum of evidence necessary to establish that [Appellant] was present at the time these crimes were committed[.]"). The trial court found Appellant's 1925(b) statement insufficient in that regard, but nonetheless addressed it in its 1925(a) opinion as a challenge to the sufficiency of Appellant's identification. *See* Trial Court Opinion, 12/15/2017, at 9 n.50.

We have held that a trial court's decision to address an otherwise unpreserved sufficiency-of-the-evidence claim "is of no moment to our analysis because we apply Pa.R.A.P.1925(b) in a predictable, uniform fashion[.]" *Smyser*, 2018 WL 4326689, at *3 (citation and quotation marks omitted). At the same time, we have declined to find waiver, though we could, where the case is not complex and the trial court has addressed the claim in substantial detail. *Id.* (citing *Commonwealth v. Laboy*, 936 A.2d 1058 (Pa. 2007)).

This is not a case where we may excuse waiver. Appellant was convicted of eight crimes, including second-degree murder, conspiracy to commit third-degree murder, and robbery, following a jury trial spanning four days and sixteen Commonwealth witnesses. Moreover, Appellant did not cure the ambiguity and vagueness of his 1925(b) statement on appeal. Rather, in the argument section of his brief, Appellant's sufficiency claim

- 10 -

spans a single page. **See** Appellant's Brief at 25. Aside from setting forth the standard of review, Appellant cites no legal authority to support his argument. Moreover, he fails to outline the elements of the crimes for which he claims the evidence was insufficient, develop a factual argument in any meaningful way, or provide any record citations. In fact, Appellant presents the entirety of his sufficiency argument in three sentences.

> [Appellant] believes that the testimony, as a whole, was uncertain as to proving his participation in the criminal act. [Appellant] believes that circumstantial proof of his involvement was not sufficient to conclusively identify him as being one of the participants. There was no direct testimony from the one eyewitness that identified [Appellant] as the shorter of the two assailants.

Appellant's Brief at 25.

Even if Appellant had preserved his sufficiency claim in his Pa.R.A.P. 1925(b) statement, we find it waived for failing to develop the claim in any meaningful fashion on appeal. **See Commonwealth v. Delvalle**, 74 A.3d 1081, 1086–87 (Pa. Super. 2013) ("Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure provides that '[t]he argument shall ... have ... the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.' Pa.R.A.P. 2119(a). Failure by the appellant to discuss pertinent facts or cite legal authority will result in waiver. **Commonwealth v. Rhodes**, 54 A.3d 908, 915 (Pa.Super.2012).").

Accordingly, after a thorough review of the record and briefs, we find Appellant has presented no issue on appeal that would convince us to disturb his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 12/14/18