J-S40036-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
DANIEL WILLIAMS :
:
Appellant : No. 2331 EDA 2022

Appeal from the Judgment of Sentence Entered August 30, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0005530-2019

BEFORE: NICHOLS, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED APRIL 15, 2024**

Appellant, Daniel Williams, appeals from the judgment of sentence imposed on him after he was convicted by a jury of first-degree murder, attempted murder with serious bodily injury, aggravated assault, possession of an instrument of crime, homicide by vehicle while driving under the influence (DUI), aggravated assault by vehicle while DUI, and other DUI and motor vehicle offenses. For the reasons set forth below, we affirm.

On the evening of August 22, 2019, Appellant chased Shantel Marie Harmon (Victim 1) with his pick-up truck and ran his truck into her twice at a gas station in Tinicum Township, Pennsylvania, killing her and striking and seriously injuring another woman, Desiree Scott (Victim 2), who was trying to

_____

[*] Retired Senior Judge assigned to the Superior Court.

help Victim 1. Appellant was charged with first-degree murder, attempted murder with serious bodily injury, aggravated assault, possession of an instrument of crime, homicide by vehicle while DUI, aggravated assault by vehicle while DUI, leaving the scene of an accident, DUI controlled substance, and DUI controlled substance metabolite.[1]

These charges were tried to a jury from July 18 to July 22, 2022. Twelve witnesses testified for the Commonwealth at this trial, including Victim 2, a gas station customer who called 911 and followed Appellant's truck as he fled the scene, police officers who found Appellant shortly after he fled the scene hiding near his truck with the keys to the truck in his possession, and Victim 1's sister, who testified to an argument that she heard between Appellant and Victim 1 approximately two months before Victim 1 was killed. Trial Court Opinion at 1-11. In addition to the testimony concerning the events of August 22, 2019, the Commonwealth introduced video recordings from cameras at the gas station and a camera on the building next door that showed the events at the gas station. N.T. Trial, 7/20/22, at 53, 73-87; Commonwealth Exs. 3, 6, 7, 16. Evidence from blood test results was also introduced that showed that Appellant had consumed heroin cut with fentanyl and cocaine prior to driving his truck at Victim 1. N.T. Trial, 7/19/22, at 169-75.

---

[1] 18 Pa.C.S. §§ 2502(a), 901(a), 1102(c), 2702(a)(1), and 907, and 75 Pa.C.S. §§ 3735(a), 3735.1(a), 3742, and 3802(d), respectively.

On July 20, 2022, the third day of trial, the Commonwealth received a report from a psychiatrist who had examined Appellant on July 16, 2022 opining that Appellant was not competent to stand trial and notified the trial court. N.T. Trial, 7/20/22, at 166. The trial court sent the jury home for the day and held a hearing the next morning, before the jury returned, at which it heard testimony from that psychiatrist and from a psychologist who examined Appellant after the court recessed on July 20, 2022. *Id.* at 167-68; N.T. Trial, 7/21/22, at 10-37. Following this hearing, Appellant's counsel moved for a mistrial on the ground that Appellant was not competent. N.T. Trial, 7/21/22, at 37. The trial court ruled that Appellant was competent to stand trial, denied the motion for a mistrial, and the trial resumed. *Id.* Appellant did not testify or call any witnesses.

On July 22, 2022, the jury found Appellant guilty of the above offenses. Verdict Slip. On August 30, 2022, the trial court sentenced Appellant to life imprisonment without parole for the first-degree murder conviction, a consecutive term of imprisonment of 20 to 40 years for attempted murder with serious bodily injury, concurrent terms of imprisonment 5 to 10 years for both homicide by vehicle while DUI and aggravated assault by vehicle while DUI and 1 to 2 years for possession of an instrument of crime, and no further penalty on the remaining convictions on the ground that they merged with the other offenses, resulting in an aggregate sentence of life imprisonment plus 20 to 40 years. N.T. Sentencing at 13-14. At the sentencing hearing,

Appellant moved before sentence was imposed for a mistrial on the ground of inconsistency in the verdicts, and the trial court denied that motion. *Id.* at 3-6. Appellant filed no post-sentence motion and timely appealed the judgment of sentence on September 7, 2022.

Appellant raises the following three issues in this appeal: (1) whether the evidence was sufficient to prove first-degree murder; (2) whether the first-degree murder verdict was against the weight of the evidence; and (3) whether the trial court erred in not declaring a mistrial on the ground that Appellant was incompetent to stand trial.[2]

Our standard of review of a challenge to the sufficiency of the evidence is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial

---

[2] Although Appellant's statement of questions does not limit his sufficiency and weight of the evidence issues to the first-degree murder verdict, Appellant's Brief at 6, he argues those issues only with respect to the first-degree murder verdict in the argument section of his brief. Any challenge to the sufficiency or weight of the evidence with respect his other convictions is therefore waived.

- 4 -

evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Tucker*, 143 A.3d 955, 964 (Pa. Super. 2016) (quoting *Commonwealth v. Hansley*, 24 A.3d 410 (Pa. Super. 2011)) (brackets omitted).

Appellant's claim that the evidence was insufficient to prove first-degree murder is without merit. The elements that the Commonwealth must prove to sustain a conviction for first-degree murder are: (1) that a human being was unlawfully killed; (2) that the defendant was responsible for the killing; and (3) that the defendant acted with malice and a specific intent to kill. *Commonwealth v. Ballard*, 80 A.3d 380, 390 (Pa. 2013); *Commonwealth v. Laird (Laird II)*, 988 A.2d 618, 624-25 (Pa. 2010); *Commonwealth v. Baker*, 201 A.3d 791, 795 (Pa. Super. 2018). The only element that Appellant asserts that the Commonwealth failed to prove was the *mens rea* element of specific intent to kill and malice.[3]

---

[3] The Commonwealth argues that this issue is waived because Appellant did not state what crime and elements he contended that the Commonwealth failed to prove in his Pa.R.A.P. 1925(b) statement. Failure to specify in a Rule 1925(b) statement what elements of a crime were not proven can constitute a waiver of a sufficiency of evidence claim. *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009). Such insufficient specificity, however, does not require waiver where the issue that the defendant is raising is apparent and the trial court addressed the issue. *Commonwealth v. Rogers*, 250 A.3d 1209, 1223–25 (Pa. 2021); *Commonwealth v. Laboy*, 936 A.2d 1058,
*(Footnote Continued Next Page)*

Here, the evidence from the events themselves showed specific intent to kill and malice. Victim 2 testified that after Appellant hit Victim 1 with his truck, he backed up and drove his truck a second time at Victim 1, hitting both her and Victim 1 and throwing them toward the back of the store. N.T. Trial, 7/19/22, at 66-69, 74-76, 88-91. The video recordings showed Victim 1 getting out of the passenger side of Appellant's truck and running across the road toward the gas station convenience store and Appellant's truck then making a U-turn, chasing her, and striking her outside the store. N.T. Trial, 7/20/22, at 73-75, 77-79, 81-85; Commonwealth Exs. 3, 6, 7, 16. The video recordings also showed that after Appellant's truck hit Victim 1, it backed up and came at her again, hitting her and Victim 2 and going approximately 15 feet into the store. N.T. Trial, 7/20/22, at 84-85; Commonwealth Ex. 3. This evidence was plainly sufficient to prove both specific intent to kill and malice. ***Commonwealth v. Packard***, 767 A.2d 1068, 1071-72 (Pa. Super. 2001) (evidence that defendant deliberately drove a motor vehicle at a pedestrian is sufficient to prove specific intent to kill), ***abrogated on other issue***, ***Commonwealth v. Dantzler***, 135 A.3d 1109 (Pa. Super. 2016);

_____

1159-60 (Pa. 2007). Here, it was apparent from one of the other issues in Appellant's Rule 1925(b) statement that Appellant was challenging the sufficiency of the evidence to prove the *mens rea* element of first-degree murder and the trial court thoroughly addressed that issue. Concise Statement of Matters Complaint of on Appeal ¶10; Trial Court Opinion at 14-16. We therefore do not find waiver and address Appellant's sufficiency of the evidence issue on the merits.

*Commonwealth v. Dunphy*, 20 A.3d 1215, 1219-20 (Pa. Super. 2011) (Pa. Super. 2011) (proof that defendant knowingly accelerated his truck toward pedestrians was sufficient to prove malice).

In addition, there was evidence that Appellant had expressed an intent to kill Victim 1. Victim 1's sister testified that Victim 1 and Appellant had been in a romantic relationship and that in June 2019, she heard Appellant tell Victim 1 that Victim 1 "couldn't break up with him," that "if he couldn't have her no one could have her," and that "[h]e would kill her first." N.T. Trial, 7/19/22, at 185-90, 193-94.

Appellant argues that the fact that he was under the influence of drugs at the time and the jury's verdict that he was guilty of homicide by vehicle while DUI prevent the evidence from being sufficient to show specific intent to kill. Neither of these arguments has merit.

Voluntary intoxication can negate specific intent to kill and reduce a defendant's guilt from first-degree murder to third-degree murder only where the defendant is overwhelmed by an intoxicant to the point of losing his faculties and sensibilities. *Commonwealth v. Clemons*, 200 A.3d 441, 465 (Pa. 2019); *Commonwealth v. Padilla*, 80 A.3d 1238, 1263 (Pa. 2013). There was no evidence here that Appellant was intoxicated to that point. To the contrary, there was evidence that Appellant was in control of his faculties and sensibilities when he killed Victim 1. The eyewitness who called 911 and followed Appellant's truck when it left the scene testified that the truck was

driving normally as it traveled to the interstate and drove on the interstate. N.T. Trial, 7/19/22, at 44-45, 54-55. In addition, the video recordings showed that Appellant was able to maneuver the truck around obstacles in his pursuit of Victim 1. N.T. Trial, 7/20/22, at 74, 77-79, 82-87; Commonwealth Exs. 3, 7, 16. The jury could properly conclude from such evidence that Appellant had sufficient control of his faculties and sensibilities to form a specific intent to kill Victim 1, notwithstanding his intoxication. **Laird II**, 988 A.2d at 626-27; **Commonwealth v. Edmiston**, 634 A.2d 1078, 1085 (Pa. 1993), **overruled on other issue**, **Commonwealth v. Freeman**, 827 A.2d 385 (Pa. 2003).

Appellant's argument that the jury's homicide by vehicle while DUI verdict precludes specific to kill fails for two reasons. First, there is no such inconsistency between the two verdicts. The offense of homicide by vehicle while DUI requires proof that the defendant was at least criminally negligent, **Commonwealth v. Samuels**, 778 A.2d 638, 640 (Pa. 2001), not that the defendant lacked malice or specific intent. A defendant therefore may be guilty of both homicide by vehicle while DUI and offenses that require a *mens rea* greater than criminal negligence. **Commonwealth v. Packer**, 168 A.3d 161, 163, 165, 167 n.7, 172 (Pa. 2017) (upholding third-degree murder and homicide by vehicle while DUI convictions for same death); **Commonwealth v. Thompson**, 106 A.3d 742, 748, 757 (Pa. Super. 2014) (same). Indeed, the jury in this case was instructed that the *mens rea* they must find to convict

Appellant of homicide by vehicle while DUI was recklessness or gross negligence, which the trial court instructed was awareness of and conscious disregard of a substantial and unjustifiable risk that death will result from his conduct. N.T. Trial, 7/22/22, at 80-81. The jury's verdict on homicide by vehicle while DUI thus does not suggest any conclusion that the killing was unintentional.

Second, inconsistent verdicts do not render sufficient evidence insufficient or otherwise invalidate a conviction, unless commission of an offense of which the defendant was acquitted is an essential statutory element of the offense of which the defendant was convicted. *Commonwealth v. Baker-Myers*, 255 A.3d 223, 229-35 (Pa. 2021); *Commonwealth v. Moore*, 103 A.3d 1240, 1246-50 (Pa. 2014); *Commonwealth v. Laird (Laird I)*, 726 A.2d 346, 355 (Pa. 1999). Nothing in the first-degree murder charge required the Commonwealth to prove any other offense or the absence of another offense as an essential element of the crime. The homicide by vehicle while DUI verdict is therefore irrelevant to the validity of Appellant's first-degree murder conviction and could not make the evidence insufficient to support that conviction even if there were any inconsistency. *Moore*, 103 A.3d at 1250; *Laird I*, 726 A.2d at 355.

Appellant's argument that the first-degree murder verdict was against weight of the evidence likewise merits no relief.[4]  A new trial may be granted on the ground that the verdict is against the weight of the evidence only where the verdict was so contrary to the evidence that it shocks the trial court's sense of justice.  *Clemons*, 200 A.3d at 463; *Commonwealth v. Antidormi*, 84 A.3d 736, 758 (Pa. Super. 2014).  Our review of the denial of a motion for a new trial based on weight of the evidence is limited.  We review whether the trial court abused its discretion in concluding that the verdict was not against the weight of the evidence, not whether the verdict, in this Court's opinion, was against the weight of the evidence.  *Clemons*, 200 A.3d at 463-64; *Commonwealth v. Delmonico*, 251 A.3d 829, 837 (Pa. Super. 2021).

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge …. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence.

*Antidormi*, 84 A.3d at 758 (quoting *Commonwealth v. Clay*, 64 A.3d 1049 (Pa. 2013)) (brackets omitted).

---

[4] A weight of the evidence challenge is waived if it is not raised in the trial court by oral or written motion before sentencing or by post-sentence motion. Pa.R.Crim.P. 607; *Commonwealth v. Kinney*, 157 A.3d 968, 972 (Pa. Super. 2017).  Although Appellant filed no post-sentence motion, he did raise the issue that he argues in his weight of the evidence claim as grounds for a new trial before he was sentenced, and the trial court addressed the issue of whether the verdict was against the weight of the evidence.  N.T. Sentencing at 3-5; Trial Court Opinion at 16-17.  We therefore do not find this issue waived and address it on the merits.

Here, the trial court reviewed the evidence at length and concluded that the first-degree murder verdict did not shock its sense of justice. Trial Court Opinion at 1-12, 16-17. As demonstrated above, the evidence was amply sufficient to prove first-degree murder and Appellant does not contend any of the evidence was so implausible that the jury could not find it credible. Rather, the sole ground on which Appellant argues that verdict was against the weight of the evidence is the same argument that he made concerning sufficiency of the evidence, that the homicide by vehicle while DUI conviction was inconsistent with proof that Appellant had specific intent to kill. As discussed above, no such inconsistency exists. The trial court therefore did not abuse its discretion in concluding that the verdict was not against the weight of the evidence.

In his remaining, third issue, Appellant argues that the trial court erred in finding him competent to stand trial. That argument also fails. A defendant is presumed to be competent to stand trial and bears the burden of proving that he is not competent. **Commonwealth v. Johnson**, 289 A.3d 959, 1044 (Pa. 2023); **Commonwealth v. Bomar**, 104 A.3d 1179, 1196-97 (Pa. 2014); **Commonwealth v. Stevenson**, 64 A.3d 715, 720 (Pa. Super. 2013). To prove he was incompetent to stand trial, the defendant must show by a preponderance of the evidence that he was either unable to understand the nature of the proceedings or unable to participate in his defense. **Johnson**, 289 A.3d at 1044; **Commonwealth v. Pruitt**, 951 A.2d 307, 316 (Pa. 2008);

*Stevenson*, 64 A.3d at 720. Because the trial court had the opportunity to observe the defendant and to hear the expert testimony concerning the defendant's condition, its decision that the defendant was competent is entitled to great deference and may be reversed only if an abuse of discretion is shown. *Pruitt*, 951 A.2d at 316-17; *Stevenson*, 64 A.3d at 720-22.

The trial court did not abuse its discretion in concluding that Appellant was competent to stand trial. The trial court heard testimony from two expert witnesses who had examined Appellant. The psychologist who examined Appellant on July 20, 2022 opined that while Appellant suffered from depression, anxiety, PTSD, and possible personality disorder, he did not suffer from psychosis and opined that Appellant was fully capable of communicating with counsel and understanding the court proceedings and was competent to stand trial. N.T. Trial, 7/21/22, at 21-32. The trial court found that testimony credible. *Id.* at 37. While the psychiatrist who examined Appellant on July 16, 2022 opined that some of Appellant's responses to him were delusional, that Appellant was suffering from psychosis, and that Appellant was not able to communicate to him concerning his case and was therefore not competent to stand trial, *id.* at 15-18, the trial court was not required to find his opinion credible. *Pruitt*, 951 A.2d at 316. Moreover, the psychiatrist testified that Appellant's orientation, cognition, and ability to identify himself were adequate and admitted that he did not know if Appellant's communications with counsel had the same problems that he experienced with Appellant, that Appellant

could have been deliberately making himself appear delusional, and that he felt that further examination was needed to determine whether Appellant was competent. *Id.* at 15-16, 18-19.

The fact that the evaluations were performed on different dates and that the psychologist did not evaluate Appellant until the third day of trial does not invalidate the trial court's competency ruling. The psychologist opined that Appellant could not have been suffering from psychosis at the time of the July 16, 2022 evaluation or the first days of trial because a psychotic episode would take months to resolve. N.T. Trial, 7/21/22, at 29, 32. In addition, the trial court had the opportunity to observe Appellant's interaction with counsel throughout the trial and concluded from those observations that Appellant was fully able to communicate with counsel and participate in his defense. *Id.* at 37. Indeed, Appellant's trial counsel did not assert that Appellant had been unable to communicate effectively with him. *Id.* at 34-35.

Because the evidence was sufficient to support Appellant's first-degree murder conviction and the trial court did not abuse its discretion in concluding that the verdict was not against the weight of the evidence and that Appellant was competent to stand trial, none of Appellant's issues in this appeal merits relief. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>4/15/2024</u>