J-S25027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TRINA D. HESS | : | |
| | : | |
| Appellant | : | No. 1921 MDA 2019 |

Appeal from the Judgment of Sentence Entered August 16, 2019
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000410-2018

BEFORE:  LAZARUS, J., DUBOW, J., and KING, J.

JUDGMENT ORDER BY DUBOW, J.:               **FILED JUNE 16, 2020**

Appellant, Trina D. Hess, appeals from the August 16, 2019 Judgment of Sentence following her non-jury trial conviction for Possession of Drug Paraphernalia.[1]  We affirm.

A detailed recitation of the facts is unnecessary to our disposition. Briefly, on March 30, 2018, Appellant and Appellant's husband were passengers in a car that their daughter was driving when Pennsylvania State Police Trooper Jacob Allison pulled over the car because it had an expired registration.  After Trooper Allison detected the odor of marijuana, he searched the car and located a pouch in the front passenger door that contained a red pill grinder, a cut straw, and a white powdery substance. Appellant informed Trooper Allison that the pouch and pill crusher belonged

---

[1] 35 P.S. § 780-113(32).

to her, and she used them to snort her suboxone medication with her doctor's permission. However, at trial, Appellant testified that the pill grinder belonged to a friend and she had lied to Trooper Allison because she did not want her daughter, the driver, to get in trouble. Appellant's husband testified that the pill grinder belonged to him.

After a non-jury trial, the trial court convicted Appellant of Possession of Drug Paraphernalia and sentenced her to one year of probation.

Appellant timely appealed. In her Pa.R.A.P. 1925(b) Statement, Appellant averred: "This [c]ourt should have entered a verdict of acquittal, given that the evidence adduced at trial was insufficient to support a conviction." Pa.R.A.P. 1925(b) Statement, 11/15/19. The trial court filed a 1925(a) Opinion.

In her brief, Appellant raises the following issue for our review: "Should Ms. Hess have been granted a verdict of acquittal, given that the evidence presented at trial failed to prove the elements of the crime charged?" Appellant's Br. at 3. She focuses her argument on an assertion that the Commonwealth failed to present sufficient evidence to support an inference that she constructively possessed the paraphernalia. *Id*. at 7.

As an initial matter, we must determine whether Appellant has preserved this claim for appellate review. Pennsylvania courts have consistently held that for sufficiency of the evidence challenges, an appellant's Rule 1925(b) statement "needs to specify the element or elements upon which the evidence was insufficient" and failure to do so results in waiver

of the issue on appeal. *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa.Super. 2008) (citation omitted); *see also* Pa.R.A.P. 1925 (b)(4)(ii). Nevertheless, our Supreme Court has determined that, despite a vague Rule 1925(b) statement, review of a sufficiency claim may be appropriate under certain circumstances where the case is "relatively straightforward" and the trial court "readily apprehended Appellant's claim and addressed it in substantial detail." *Commonwealth v. Laboy*, 936 A.2d 1058, 1060 (Pa. 2007).

Instantly, Appellant's boilerplate Rule 1925(b) Statement failed to specify what elements of the crime she is challenging, and the trial court was not able to comprehend Appellant's claim of error and address in it substantial detail. Rather, the trial court did not engage in any analysis of the elements of the crime and, instead, focused on witness credibility. *See* Trial Ct. Op., filed 10/22/19, at 1-4. Because Appellant's Rule 1925(b) statement was vague and the trial court was not aware of the specific issue Appellant intended to raise on appeal and, thus, could not address it, we conclude this issue is waived.[2]

---

[2] Moreover, if Appellant had preserved the issue, we would conclude that the Commonwealth presented sufficient evidence to support Appellant's conviction. *See* 35 P.S. § 780-113(32) (defining the crime of Possession of Drug Paraphernalia in relevant part as "[t]he use of, or possession with intent to use, drug paraphernalia for the purpose of . . . injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act."). In her brief, Appellant only challenges the "possession" element of the crime. However, the court found credible Trooper Allison's

Judgment of Sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/16/2020

---

testimony that Appellant had admitted the pill grinder belonged to her, and found Appellant's testimony incredible. **See** Trial Ct. Op. at 1-4. Accordingly, we would conclude Appellant's sufficiency challenge is meritless.